O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08- 3109 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Vanessa Garcia, et al. v. City of Maywood, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     Defendants' Motion to Dismiss [6]

Plaintiffs Vanessa Garcia and Shannon Board (collectively, "Plaintiffs") brings this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, Officer Muriello and Does 1-10 (collectively, "Defendants").[1] [2]

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [6].  The Court finds this matter suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] Initially, Plaintiffs were two of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein.  Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits.  *See Camarillo, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43.  Following the Court's order, Plaintiffs, individually, filed the instant lawsuit on May 12, 2008.

[2] Although Plaintiffs have named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3109 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Vanessa Garcia, et al. v. City of Maywood, et al.* | | |

The underlying factual allegations of Plaintiffs' claims are culled from one paragraph within their complaint. Plaintiffs Garcia and Board contend that they were "wrongfully harassed, detained, arrested, assaulted, battered, threatened with malicious prosecution, searched and sexually assaulted" by Officer Muriello. (Compl. ¶ 11.) Plaintiffs also allege that Defendant Muriello continually threatened to plant drugs on them and take them to jail if they voiced complaints about his conduct. (Compl. ¶ 11.) Plaintiffs further allege that Defendant Muriello continued to sexually assault Plaintiff Garcia over a period of approximately one month. (Compl. ¶ 11.) During that time, Plaintiffs allegedly left Maywood for several weeks after Defendant Muriello told them that he wanted to have sex with them at the same time. (Compl. ¶ 11.) Plaintiff Garcia alleges that she moved to another county as a result of Defendant Muriello's misconduct. (Compl. ¶ 11.) Neither plaintiff was ever taken to jail or charged with a crime. (Compl. ¶ 11.)

Other than this one paragraph, Plaintiffs' complaint contains the exact same sprawling, boilerplate and, in many instances, irrelevant allegations as those in the Corrected Second Amended Complaint in *Camarillo v. City of Maywood, et al.*, CV 07-3469 ODW (SHx) (C.D. Cal. 2007) (Docket #61, 65.) Even Plaintiffs' prayer for relief is identical to that of the *Camarillo* complaint, without any tailoring to the individualized facts alleged and/or injuries allegedly sustained. Defendants' Motion, moreover, seeks to dismiss the same claims as those sought to be dismissed in *Camarillo*, and consists of identical arguments in favor thereof. Further, Plaintiffs' Opposition voices the same "cut-and-paste" objections. Thus, because the Court is presented with the same bare allegations and claims, including the same arguments in favor of and in opposition to dismissing those claims, the Court adopts its analysis and conclusions previously discussed and reached in *Camarillo*, and rules as follows:[3]

(1)     Plaintiffs' first cause of action under RICO is DISMISSED without leave to

---

[3] The different factual scenarios giving rise to the claims in this case have been fully considered. Unless otherwise indicated, however, the facts of this case do not differ significantly enough from those in *Camarillo* so as to warrant different conclusions. Accordingly, unless otherwise stated, the Court's analysis and conclusions reached in *Camarillo* control.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3109 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Vanessa Garcia, et al. v. City of Maywood, et al.* | | |

amend[4];

(2) Plaintiffs' second cause of action for *Monell* liability against the City and the Police Department survives, but Plaintiffs' second cause of action against Defendants Leflar and Pine in their *official* capacities is DISMISSED without leave to amend;

(3) Plaintiffs' second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4) Plaintiffs' third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine. To the extent Plaintiffs' third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5) Plaintiffs' fourth cause of action is DISMISSED with leave to amend;

(6) Plaintiffs' fifth cause of action is DISMISSED with leave to amend;

(7) Plaintiffs' sixth cause of action is DISMISSED without leave to amend only as to claims under Cal. Const. art I, §§ 1 and 7;

(8) Plaintiffs' eleventh cause of action is DISMISSED without leave to amend; and

(9) Plaintiffs' twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

*See Camarillo*, CV 07-3469 ODW (SHx) (C.D. Cal. Aug. 27, 2008) (Docket #75.)

---

[4] In this case, assuming a racketeering activity is alleged, a "pattern" of such activity appears to be a closer call than the other similar complaints. Nevertheless, it is clear that Plaintiffs have not sufficiently alleged a RICO injury and therefore have no standing to bring a RICO claim. Thus, the Court's conclusion that Plaintiffs' RICO claim must be dismissed is unchanged.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08- 3109 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Vanessa Garcia, et al. v. City of Maywood, et al.* | | |

      The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiffs.  Should Plaintiffs amend, they shall do so within twenty (20) days from the date of this Order.  In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing.  "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher, but do nothing to sufficiently state Plaintiffs' relevant claims.  If nothing else, the fact that Plaintiffs' counsel has cut and pasted the same insufficient allegations in all nine of the related Maywood cases, without tailoring any of them to the unique facts of each case, completely undermines the credibility and genuine nature of his clients' claims.  The Court has carefully pointed out which claims are insufficient and why.  Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

    ----   :   00

Initials of Preparer   RGN